UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anna L. Moore, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C/A NO.: 4:14-CV-436-BHH-TER |
| vs. | ) | |
| | ) | |
| CAROLYN COLVIN, ACTING | ) | ORDER |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's petition for attorney's fees[1] pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks an award of attorney's[2] fees in the amount of $8,068.87, which Plaintiff indicates represents 38.30[3] hours of attorney work at a rate of $190.31 per hour, plus 7.80 hours of paralegal time at a rate of $ 100.00 per hour. Plaintiff also seeks costs in the amount of $ 15.39. Defendant ("Commissioner") opposes the petition, arguing that Plaintiff is not entitled to an award of fees because the Commissioner's position in this case was substantially justified. Should the court find that the Commissioner's position was not substantially justified, the Commissioner argues that the requested amount of EAJA fees is excessive and unreasonable, and should be significantly reduced. For reasons set forth below, the court finds that

---

[1]This motion was referred to the undersigned by Order filed December 14, 2015.

[2]Although the Attorney's Affirmation and Memorandum indicates that Plaintiff's attorney of record has been admitted pro hac vice before the district court in Maryland, he was admitted pro hac vice in this court on March 5, 2014.

[3]Based on the ledger of attorney time submitted, it appears that there is only 36.85 hours of attorney time being claimed. In light of the Court's reduction, this clerical error is irrelevant.

1

the Commissioner's position was not substantially justified and awards Plaintiff attorney's fees, to the extent outlined herein.

## STANDARD

Under the EAJA, a court is directed to award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006). The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir.1991). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir.1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (internal quotation marks omitted). When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by issue analysis and should consider the totality of the circumstances. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138–39 (4th Cir.1993).

## FACTS[4]

In October of 2011, Plaintiff filed an application for Disability Insurance Benefits and a separate application for Supplemental Security Income. In both, Plaintiff alleged disability beginning on January 1, 2009, but later amended her alleged onset date to May 4, 2011. The ALJ, in a decision issued May 6, 2013, found Plaintiff not disabled and denied her claims. The Appeals Council denied

---

[4] The background and procedural facts are taken from the Report and Recommendation entered in this case on May 29, 2015.

Plaintiff's request for review.

Plaintiff filed this action on February 19, 2014. (Dkt. # 1). On May 29, 2015, the undersigned issued a Report and Recommendation recommending that this case be reversed and remanded for further administrative proceedings. Specifically, the Court concluded, *inter alia*, that the ALJ erred at steps four and five of the sequential evaluation process in evaluating Plaintiff's past relevant work as actually or generally performed, and in relying on inadequate and/or vague Vocational Expert testimony. The Court accepted the Report and enter Judgment in the case on June 23, 2015.

Thereafter, Plaintiff filed a petition for attorney's fees pursuant to the EAJA. (Dkt. No. 33). The Commissioner filed an opposition to Plaintiff's EAJA petition (Dkt. No. 37), to which Plaintiff replied. (Dkt. No. 41).

## DISCUSSION

The Commissioner argues that she was substantially justified in her position defending this case. In light of the Court's determination that a remand for further administrative action was warranted in this case, and after review of the parties' respective positions, the court finds the Commissioner has not met her burden of establishing that she was substantially justified in defending this action under these circumstances. However, the Court does conclude that a reduction of the fees requested is warranted for the reasons outlined below.

The court has reviewed the motion submitted by Plaintiff's counsel. Although the Court finds that an award of EAJA attorney's fees is appropriate, the Court finds that a reduction in the claimed hours is warranted. In this case, Plaintiff submitted a ten page brief, approximately half of which

contained legal arguments.[5] However, the time recorded for transcript review, legal research and brief drafting is over twenty-six hours and included four attorneys.[6] After a comprehensive review and careful consideration of the entire case and the EAJA motion including submitted time sheets, the Court concludes that Plaintiff fails to show the reasonableness of time claimed preparing, reviewing, sending, and resending prospect packets. Additionally, Plaintiff fails to show the reasonableness of time claimed for duplicative review of the file and memoranda. Accordingly, the Court reduces the award of attorney's fees to $6,815.07, representing 32.5 hours of attorney work at a rate of $190.31 per hour ($6,185.07), plus 6.3 hours of paralegal time at a rate of $ 100.00 per hour ($ 630.00).

## CONCLUSION

For reasons set forth above, the court grants Plaintiff's petition for attorney's fees under the EAJA in the amount of $6,815.07. The Court also awards costs in the requested amount of $ 15.39. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

IT IS SO ORDERED.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 19, 2016
Florence, S.C.

---

[5] As is noted by the Commissioner, the transcript in this case was less than five hundred pages, and had less than two hundred pages in medical records.

[6] It is noted that the attorney names included on the time accounting ledgers (exhibits B and C to Plaintiff's petition) are not consistent with the attorney names set forth in the Attorney's Affirmation and Memorandum in support of fees.